UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| CENTURY-NATIONAL INSURANCE COMPANY | : : : | CIVIL ACTION NO.: |
| Plaintiff, | : : | |
| vs. | : : : | |
| ARACELLI MORENO and MITCHELL WILSON | : : : : | |
| Defendants. | : | SEPTEMBER 1, 2023 |

---

## COMPLAINT FOR DECLARATORY JUDGMENT

The plaintiff, Century-National Insurance Company ("Century-National"), by and through its attorney, Paige D. Beisner, files this Complaint for Declaratory Judgment against the defendants, Aracelli Moreno ("Moreno") and Mitchell Wilson ("Wilson"), and in support thereof, states as follows:

## INTRODUCTION

1. This is an action for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 in which Century-National seeks a declaration with respect to its coverage obligations, if any, to the defendants. Century-National has paid all fees and taken all steps required by law to maintain this action.

## NATURE OF DISPUTE

2. This is an action for declaratory judgment arising out of an actual and existing controversy concerning the parties' rights, status and liabilities under an insurance policy

issued by Century-National, in connection with a lawsuit entitled *Mitchell Wilson v. Damian Brizuela, et al.*, pending in the State of Connecticut Superior Court, Judicial District of Litchfield at Torrington, and bearing Docket Number LLI-CV23-6032983-S (hereinafter "the Underlying Action").

3.      Century-National seeks a declaration that it has no duty to defend or indemnify defendant Moreno with respect to the Underlying Action.

## THE PARTIES

4.      The plaintiff, Century-National, is a corporation incorporated under the laws of the State of California having its principal place of business in the State of North Carolina and is authorized to transact business in the State of Connecticut.

5.      Defendant Aracelli Moreno is a citizen of the State of Connecticut.

6.      Defendant Mitchell Wilson is a citizen of the State of Connecticut.

## JURISDICTION AND VENUE

7.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the plaintiff and defendants are citizens of different U.S. States and there is complete diversity between the plaintiff and the defendants, and the amount in controversy exceeds $75,000.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a).

## THE CENTURY-NATIONAL POLICY

9.      Century-National issued OneChoice Homeowners Policy No. 2006581869 to Silvio Brizuela and Aracelli Moreno for the July 19, 2020 to July 19, 2021 policy period (hereinafter "the Policy").

10. The Policy provides for personal liability coverage in the amount of $300,000 each occurrence.

11. The Policy, under **Section II – LIABILITY COVERAGES**, contains the following provision:

> **A.** **Coverage E - Personal Liability**
>
> If a claim is made or a suit is brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies, we will:
>
> **1.** Pay up to our limit of liability for the damages for which an "insured" is legally liable. Damages include prejudgment interest awarded against an "insured"; and
>
> **2.** Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false or fraudulent. We may investigate and settle any claim or suit that we decide is appropriate. Our duty to settle or defend ends when our limit of liability for the "occurrence" has been exhausted by payment of a judgment or settlement.

12. The Policy, under **Section II – LIABILITY COVERAGES**, contains the following relevant exclusion:

> **A.** **"Motor Vehicle Liability"**
> **1.** Coverages **E** and **F** do not apply to any "motor vehicle liability" if, at the time and place of an "occurrence", the involved "motor vehicle":
> **a.** Is registered for use on public roads or property;
> **b.** Is not registered for use on public roads or property, but such registration is required by a law, or regulation issued by a government agency, for it to be used at the place of the "occurrence"; . . .

. . .

13. The Policy contains the following relevant definitions:

**A.** In this policy, "you" and "your" refer to the "named insured" shown in the Declarations and the spouse if a resident of the same household. "We," "us" and "our" refer to the Company providing this insurance.

**B.** In addition, certain words and phrases are defined as follows:

    **1.** . . . "Motor Vehicle Liability" . . ., subject to the provisions in **b.** below, mean the following:

        **a.** Liability for "bodily injury" or "property damage" arising out of the:

            **(1)** Ownership of such vehicle or craft by an "insured";

            **(2)** Maintenance, occupancy, operation, use, loading or unloading of such vehicle or craft by any person;

            **(3)** Entrustment of such vehicle or craft by an "insured" to any person;

            **(4)** Failure to supervise or negligent supervision of any person involving such vehicle or craft by an "insured"; or

            **(5)** Vicarious liability, whether or not imposed by law, for the actions of a child or minor involving such vehicle or craft.

        **b.** For the purpose of this definition:

          . . .

            **(4)** Motor vehicle means a "motor vehicle" as defined in **7.** below.

    **2.** "Bodily injury" means bodily harm, sickness or disease, including required care, loss of services and death that results.

. . .

    **5.** "Insured" means:

        **a.** You and residents of your household who are:

            **(1)** Your relatives . . .

        . . .

> Under both sections **I** and **II**, when the word an immediate precedes the word "insured", the words an "insured" together mean more or more "insureds".
>
> . . .
>
> **7.** "Motor vehicle" means:
>    **a.** A self-propelled land or amphibious vehicle; . . .
>
> **8.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
>    **a.** "Bodily injury"; or
>    **b.** "Property damage."
>
> . . .

## ALLEGATIONS OF UNDERLYING ACTION

14. By way of a Complaint dated March 6, 2023, Wilson brought a lawsuit against Moreno (identified in the Underlying Action as "Arcellas" Moreno), her son Damian Brizuela ("Damian"), and Damian's father Silvio Brizuela ("Silvio"), with respect to a motor vehicle accident Damian was allegedly involved in on July 10, 2021 in New Milford, Connecticut. (See Complaint in Underlying Action.)

15. The Underlying Action asserts three causes of action against Damian: negligence (Count One), statutory recklessness (Count Two), and common law recklessness (Count Three); two causes of action against Moreno: vicarious liability pursuant to Connecticut's Family Car Doctrine (Count Four), and negligence (Count Six); and one cause of action against Silvio: vicarious liability pursuant to Connecticut's Family Car Doctrine (Count Five).

16.   Count Four of the Underlying Action, sounding in vicarious liability pursuant to Connecticut's Family Car Doctrine, and asserted against Moreno, alleges that on July 10, 2021 at approximately 1:30 a.m., Wilson was a passenger in a 2018 Toyota RAV4 ("the Toyota") operated by Damian on Judds Bridge Road in New Milford, Connecticut. (Compl., Count Four, ¶3.)

17.   It is alleged that at all relevant times, the Toyota was equipped with a hands-free accessory, but Damian did not have his mobile phone paired with the same. (Id. at ¶4.)

18.   It is alleged that on July 10, 2021 at approximately 1:30 a.m., Damian's phone rang, and he decided to pick it up. (Id. at ¶5.)

19.   It is alleged that in answering his phone as indicated in the preceding paragraph, Damian took his eyes off the road, resulting in the Toyota leaving the roadway and crashing into a tree, causing Wilson to suffer various physical injuries. (Id.)

20.   It is alleged that the crash and Wilson's resulting injuries were directly and proximately caused by Damian's negligence and/or carelessness in that he:

   a.   failed to keep the motor vehicle he was operating under reasonable and proper control;
   b.   failed to keep a proper and reasonable lookout;
   c.   failed to apply the brakes of the motor vehicle he was operating in time to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have and should have done so;
   d.   failed to turn the motor vehicle he was operating to the right or left so as to avoid a collision, although by a proper and reasonable exercise of his faculties, he could have, and should have done so;
   e.   was operating h[is] motor vehicle at an unreasonable rate of speed, given the roadway and weather conditions then and there existing in violation of C.G.S. 14-218a; [and/or]
   f.   engaged in a call while operating a motor vehicle in violation of C.G.S. 14-296aa.

(Id. at ¶6.)

21. It is alleged that as result of the collision caused by Damian's negligence and/or carelessness, Wilson sustained multiple injuries and losses. (Id. at ¶¶7-9.)

22. Count Four adds that at all relevant times, Moreno controlled and/or maintained the Toyota operated by Damian and is therefore liable to Wilson pursuant to Connecticut's Family Car Doctrine, C.G.S. §52-182. (Id. at ¶11.)

23. Count Four further alleges that at all relevant times, Damian was operating the Toyota within the scope of his general authority to do so. (Id. at ¶12.)

24. Count Six of the Underlying Action, entitled negligence and asserted against Moreno, alleges that Moreno was aware that on July 9, 2021, and into the early morning hours of July 10, 2021, her son Damian was operating the Toyota, which was garaged at her home in Bethlehem, Connecticut. (Compl., Count Six, ¶3.)

25. It is alleged that at all relevant times, Moreno maintained and/or controlled the usage of the Toyota. (Id. at ¶4.)

26. It is alleged that at all relevant times, Moreno was aware that the Toyota was equipped with Bluetooth hands-free capability but knew or should have known that Damian's mobile phone was not paired with the Toyota. (Id. at ¶6.)

27. It is also alleged that Moreno was aware that Damian was an inexperienced driver. (Id. at ¶7.)

28. Furthermore, it is alleged that at all relevant times, Moreno was aware that, absent a few exceptions, it was illegal to use a hand-held mobile telephone and/or mobile electronic device while operating a motor vehicle in Connecticut. (Id. at ¶8.)

29. It is alleged that Moreno knew or should have known that if she called Damian at approximately 1:30 a.m. on July 10, 2021, he would have attempted to answer his phone while operating the Toyota and would thereby violate Connecticut's prohibition on operating a motor vehicle while using a mobile electronic device and/or mobile telephone. (Id. at ¶10.)

30. It is further alleged that at all relevant times, Moreno was aware that using a mobile electronic device and/or mobile telephone without pairing it to the Bluetooth hands-free system was dangerous because it would require that Damian take his eyes off the road while driving. (Id. at ¶11.)

31. It is alleged that Moreno knew or should have known that if Damian took his eyes off the road to answer her call, then he would pose a danger to others inside his vehicle and/or others on the road. (Id. at ¶12.)

32. It is alleged that despite her knowledge, Moreno ignored the known risks and decided to call her son on his mobile phone. (Id. at ¶13.)

33. It is alleged that around the time and place of the accident, while Moreno was calling him, Damian attempted to answer the call on his mobile phone, causing him to take his eyes off the road, and resulting in the Toyota leaving the roadway and crashing into a tree. (Id. at ¶¶14-15.)

35. It is alleged that the crash and Wilson's resulting injuries were directly and proximately caused by Moreno's negligence and/or carelessness in that she:

    a. was aware of the risks . . . but ignored the same and decided to call her son when she knew he was driving and would therefore attempt to answer his telephone, resulting in him taking his eyes off the road, and creating a substantial danger to the passengers in the motor vehicle and others on the road.

(Id. at ¶16.)

36. The Underlying Action seeks monetary damages as to Moreno. (Compl., Request for Relief.)

37. Upon information and belief, Moreno is being provided a defense of the Underlying Action by her auto insurer. In the meantime, Century-National has reserved its right to deny Moreno a defense and indemnity of the Underlying Action under the Policy, pursuant to a full and complete reservation of rights.

### FIRST COUNT – DECLARATORY JUDGMENT – DUTY TO DEFEND VS. ARACELLI MORENO

38. Century-National repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraph 1 through Paragraph 37 of this Complaint as if fully set forth herein.

39. Century-National has no obligation or duty to defend Moreno under the Policy against the claims alleged in the Underlying Action because:

    a) The claims and conduct alleged in the Underlying Action are within the Policy's motor vehicle liability exclusion; and

    b) The claims and conduct alleged in the Underlying Action do not constitute an "occurrence" as that term is defined in the Policy.

40. Upon information and belief, Moreno disputes Century-National's position that it does not have a duty to defend her for the claims alleged in the Underlying Action, and she claims a defense from Century-National for any and all damages alleged in said Underlying Action.

41. Century-National and Moreno have a substantial uncertainty as to their rights and liabilities in connection with the Underlying Action, and Century-National has a legal and equitable interest in said Underlying Action.

42. There are actual bona fide and substantial questions and issues in dispute, and substantial uncertainty in the legal relationship between Century-National and Moreno with respect to the duty, if any, of Century-National to defend Moreno against the claims alleged in the Underlying Action.

43. There is no pending action in which the issues to be determined by this declaratory judgment action will be decided.

## SECOND COUNT – DECLARATORY JUDGMENT – DUTY TO INDEMNIFY VS. ARACELLI MORENO

44. Century-National repeats, re-alleges, and incorporates by reference each and every allegation contained in Paragraph 1 through Paragraph 43 of this Complaint as if fully set forth herein.

45. Century-National has no obligation or duty under the Policy to indemnify Moreno, or anyone who may gain a judgment against her, for the claims and damages alleged in the Underlying Action because:

> a) The claims and conduct alleged in the Underlying Action are within the Policy's motor vehicle liability exclusion; and
>
> b) The claims and conduct alleged in the Underlying Action do not constitute an "occurrence" as that term is defined in the Policy.

46. Upon information and belief, Moreno disputes Century-National's position that it does not have a duty to indemnify her, or anyone who may gain a judgment against her, for the claims alleged in the Underlying Action, and she claims indemnity from Century-National for any and all damages alleged in said Underlying Action.

47. Century-National and Moreno have a substantial uncertainty as to their rights and liabilities in connection with the Underlying Action, and Century-National has a legal and equitable interest in said Underlying Action.

48. There are actual bona fide and substantial questions and issues in dispute, and substantial uncertainty in the legal relationship between Century-National and Moreno with respect to the duty, if any, of Century-National to indemnify Moreno, or anyone who may gain a judgment against her, for the claims alleged in the Underlying Action.

49. There is no pending action in which the issues to be determined by this declaratory judgment action will be decided.

WHEREFORE, the plaintiff, Century-National, seeks a declaratory judgment determining the rights and liabilities of the parties as follows:

1. That Century-National owes no duty to defend Moreno under the Policy with respect to the claims alleged against her in the Underlying Action because the claims and conduct alleged therein are within the Policy's motor vehicle liability exclusion.

2. That Century-National owes no duty under the Policy to indemnify Moreno or anyone who may gain a judgment against her with respect to the Underlying Action because the claims and conduct alleged therein are within the Policy's motor vehicle liability exclusion.

3. That Century-National owes no duty to defend Moreno under the Policy with respect to the claims alleged against her in the Underlying Action because the claims and conduct alleged therein do not constitute an "occurrence."

4. That Century-National owes no duty under the Policy to indemnify Moreno or anyone who may gain a judgment against her with respect to the Underlying Action because the claims and conduct alleged therein do not constitute an "occurrence."

5. Such other relief as this Court may deem just, reasonable, and equitable.

                                      THE PLAINTIFF
                                      CENTURY-NATIONAL INSURANCE COMPANY

                                      By    /s/ Paige D. Beisner
                                          Paige D. Beisner
                                          Federal Bar No.: ct30416
                                          NUZZO & ROBERTS, L.L.C.
                                          One Town Center
                                          P.O. Box 747
                                          Cheshire, Connecticut 06410
                                          (203) 250-2000 phone
                                          (203) 250-3131 facsimile
                                          pbeisner@nuzzo-roberts.com

\\fp01\nuzzo\WP\414029\034\PLEADINGS - DJ\Complaint for Declaratory Judgment 09 01 23.docx